# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JUSTIN WYATT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION 17-0285-WS-MU |
| | ) |
| GEORGIA-PACIFIC LLC, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter comes before the Court on defendant Quality Plus Services, Inc.'s Motion to Dismiss (doc. 50). The Motion has been briefed, and is now ripe for disposition.

**I.    Background.**

Plaintiff, Justin Wyatt, commenced this personal injury action in the Circuit Court of Escambia County, Alabama. In his Complaint filed on May 11, 2017, Wyatt sought to recover for severe burn injuries sustained in a workplace accident on June 10, 2015. Specifically, Wyatt alleged that he was erecting a scaffold when a piece of the scaffold contacted a valve above him. The impact of the scaffold caused the valve to open, releasing sulfuric acid or other toxic chemicals that rained down on Wyatt's body. On that basis, Wyatt asserted state-law claims of strict liability, negligence/wantonness, gross negligence/wantonness, and combined/concurring negligence against defendants, Georgia-Pacific LLC, Georgia-Pacific Brewton LLC, and Georgia-Pacific Bleached Board LLC (collectively, the "Georgia-Pacific Defendants"), as well as Fictitious Party Defendants A through I. (*See* doc. 1-1, at 3-10.)

Subsequently, the Georgia-Pacific Defendants removed this action to this District Court, predicating subject-matter jurisdiction on the diversity provisions of 28 U.S.C. § 1332. (*See* doc. 1.) Post-removal, on November 10, 2017, Wyatt moved for leave to amend the Complaint for the stated reason that "[s]ince the filing of the initial Complaint, additional information has recently been discovered that indicates QUALITY PLUS SERVICES, INC. … is a potential defendant to this action. … As such, Plaintiff would move this Honorable Court for leave to

amend the Complaint and add QPS as an additional party." (Doc. 29, ¶¶ 4-5.) On November 27, 2017, the Court entered an Order (doc. 37) granting Wyatt's Motion for Leave to Amend. Pursuant to that ruling, plaintiff's First Amended Complaint, which added Quality Plus as a defendant and deleted Fictitious Party Defendants "D" and "G," became Wyatt's operative pleading. (*See* doc. 30.)

Upon being served with process, Quality Plus filed a Motion to Dismiss (doc. 50) alleging that Wyatt's claims against it are time-barred under the applicable statute of limitations. Plaintiff opposes the Motion to Dismiss. (*See* doc. 60.) For their part, the Georgia-Pacific Defendants indicate that they have "no statement or position" on the timeliness defense raised in that Motion. (Doc. 62.)

**II.    Analysis.**

It is well-settled that "[a] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred." *Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013) (citation and internal quotation marks omitted); *see also Jacobs v. Estefan*, 705 Fed.Appx. 829, 831 (11th Cir. Aug. 7, 2017) (same). In diversity actions such as this one, the Court must apply the statute of limitations fixed by state law. *See, e.g., Mississippi Valley Title Ins. Co. v. Thompson*, 802 F.3d 1248, 1251 n.2 (11th Cir. 2015) ("Pursuant to the *Erie* doctrine, a state's statutes of limitation are substantive in nature and must be applied in a suit based on diversity jurisdiction."); *Watkins v. Capital City Bank*, 711 Fed.Appx. 591 (11th Cir. Feb. 15, 2018) ("[a] federal court sitting in diversity must apply the substantive law, including statutes of limitations, of the relevant state"). Under Alabama law, Wyatt's negligence, wantonness and strict liability claims against Quality Plus are all subject to a two-year limitations period. *See* Ala. Code § 6-2-38(*l*) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years.").[1] Also, in contrast to the accrual

---

[1] *See also Ex parte Capstone Building Corp.*, 96 So.3d 77, 88 (Ala. 2012) ("We once again reaffirm the proposition that wantonness claims are governed by the two-year statute of limitations now embodied in § 6-2-38(*l*)."); *Singer Asset Finance Co. v. Connecticut General Life Ins. Co.*, 975 So.2d 375, 382 (Ala.Civ.App. 2007) ("The statutory limitations period for filing a negligence action is two years."); *LaBauve v. Olin Corp.*, 231 F.R.D. 632, 653 (S.D. Ala. 2005) ("The claims for negligence, absolute liability, strict liability, … are all subject to a two-year limitations period under Alabama law.").

and tolling rules governing certain types of claims, "Alabama has no 'discovery rule' with respect to negligence or wantonness actions that would toll the running of the limitations period." *Boyce v. Cassese*, 941 So.2d 932, 946 n.2 (Ala. 2006); *see also Singer Asset Finance Co. v. Connecticut General Life Ins. Co.*, 975 So.2d 375, 382 (Ala.Civ.App. 2007) ("The statute of limitations begins to run from the time the plaintiff's cause of action accrues, and there is no 'discovery rule' for negligence claims that would toll the running of the statute of limitations from the time the cause of action was 'discovered' by the plaintiff."). The parties quarrel over none of these propositions.

On its face, Wyatt's Complaint reflects that the workplace accident and injuries animating this litigation occurred on June 10, 2015. Thus, Wyatt's claims against Quality Plus accrued – and Alabama's two-year statute of limitations began running – on that date. Yet Wyatt did not file an Amended Complaint adding Quality Plus as a defendant until November 10, 2017 (when he requested leave to amend) or November 27, 2017 (when leave to amend was granted). Thus, Wyatt first asserted his claims against Quality Plus some two years and five months after they accrued, which would appear to render them impermissibly tardy given the two-year limitations period fixed by Alabama Code § 6-2-38(*l*).

Notwithstanding these undisputed facts and legal principles, Wyatt maintains that his claims against Quality Plus are timely under the "relation back" doctrine. The applicable federal rule provides, "An amendment to a pleading relates back to the date of the original pleading when … the law that provides the applicable statute of limitations allows relation back." Rule 15(c)(1)(A), Fed.R.Civ.P. In an *en banc* decision, the Eleventh Circuit expressly held that "Rule 15(c)(1) allows federal courts sitting in diversity to apply relation-back rules of state law where, as here, state law provides the statute of limitations for the action." *Saxton v. ACF Industries, Inc.*, 254 F.3d 959, 963 (11th Cir. 2001). As *Saxton* explains, "Rule 15(c)(1) specifically incorporates state principles of relation back into the Federal Rules of Civil Procedure." *Id.* at 965 n.10. Courts in this circuit have adhered to the *Saxton* holding by applying state-law relation-back principles in diversity cases, even where relation back would not otherwise be available under the federal rules.[2]

---

[2] *See, e.g., Presnell v. Paulding County, Ga.*, 454 Fed.Appx. 763, 767 (11th Cir. Dec. 13, 2011) ("Because Georgia law provides the applicable statute of limitations in this case, (Continued)

In accordance with binding precedent, then, this Court sitting in diversity must apply Alabama's relation-back rules to determine whether Wyatt's claims against Quality Plus relate back to the date of the original Complaint and are therefore timely. To that end, Wyatt invokes an Alabama rule specifying that "[a]n amendment of a pleading relates back to the date of the original pleading when … relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h)." Rule 15(c)(4), Ala.R.Civ.P. In turn, Alabama's Rule 9(h), which has no analog in the Federal Rules of Civil Procedure, states as follows: "When a party is ignorant of the name of an opposing party and so alleges in the party's pleading, the opposing party may be designated by any name, and when that party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name." Rule 9(h), Ala.R.Civ.P. Construing Alabama's Rule 15(c)(4) and Rule 9(h) together, the relation-back standard under Alabama law (as recognized by both the Alabama Supreme Court and the Eleventh Circuit in the diversity context) is as follows:

> "Rules 9(h) and 15(c), Ala. R. Civ. P., allow a plaintiff to avoid the bar of a statute of limitations by fictitiously naming defendants for which actual parties can later be substituted. Such a substitution is allowed to relate back to the date of the original complaint if the original complaint adequately described the fictitiously named defendant and stated a claim against such a defendant. ***In order for the substitution to relate back, the plaintiff must show that he was ignorant of the true identity of the defendant and that he used due diligence in attempting to discover it.***"

---

if a proposed amendment relates back under Georgia law, then that amendment relates back under Rule 15(c)(1)(A) even if the amendment would not relate back under federal law rules. … Thus, we look to Georgia law to determine whether Plaintiff's amendment should relate back to the time of filing the original complaint, such that the statute of limitations bar is avoided.") (citation and internal marks omitted); *Smith v. Dollar General Corp.*, 2017 WL 3492831, *2 n.3 (N.D. Ala. Aug. 15, 2017) ("When a federal court is sitting in diversity jurisdiction, Fed. R. Civ. P. 15(c)(1) allows the court to apply *state* relation-back rules.") (citations omitted); *Todd v. City of LaFayette*, 2013 WL 1084296, *2 (M.D. Ala. Mar. 14, 2013) (recognizing that federal Rule 15(c)(1)(A) "requires application of state-law relation-back principles, including Alabama fictitious-party practice, when state law supplies the statute of limitations"); *Allums v. City of Birmingham*, 2012 WL 9245730, *7 (N.D. Ala. Aug. 31, 2012) ("Alabama's statute of limitations applies in this case. Accordingly, the court must look at its relation back rules."); *see generally* Rule 15, Fed.R.Civ.P., Advisory Committee Notes to 1991 Amendment ("Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim.").

*Saxton*, 254 F.3d at 965 (quoting *Jones v. Resorcon, Inc.*, 604 So.2d 370, 372-73 (Ala. 1992)) (emphasis added); *see also Ex parte VEL, LLC*, 225 So.3d 591, 600 (Ala. 2016) ("under Rule 15(c)(4), Kyser's amendments substituting [named defendants] for fictitiously named defendants relate back to the date of the original complaint only if she satisfied the requirements of Rule 9(h)"). "Thus, under Alabama law, an amendment substituting an actual defendant for a fictitious defendant relates back when: (1) the original complaint adequately described the fictitious defendant; (2) the original complaint stated a claim against the fictitious defendant; (3) the plaintiff was ignorant of the true identity of the defendant; and (4) the plaintiff used due diligence to discover the defendant's true identity." *Saxton*, 254 F.3d at 965 (citation omitted); *see also Mann v. Darden*, 630 F. Supp.2d 1305, 1313-14 (M.D. Ala. 2009) (same).

Quality Plus convincingly argues that the third requirement – "the plaintiff was ignorant of the true identity of the defendant" – is not satisfied here. In particular, Quality Plus points to Wyatt's own deposition testimony, in which he acknowledged that his work crew had "already built several scaffolds in there for QPS," and explained that on the morning of the accident Wyatt himself was instructed by his foreman to "go over there and find QPS, find out what they want to do about a scaffold," which Wyatt did. (Doc. 64, Exh. 1, at 194-95.) The QPS representative directed Wyatt to place "a scaffold right here to do that work right there." (*Id.*)[3] This deposition excerpt establishes Wyatt's prior knowledge (dating back to the date of the accident itself) of Quality Plus's true name and specific involvement in directing Wyatt and his crew as to the placement of the scaffold that ultimately contacted the valve and caused Wyatt's injuries. Thus, Quality Plus's identity was known to plaintiff from the outset of these proceedings. In fact, plaintiff's own testimony unequivocally establishes that Wyatt always knew of Quality Plus's role in operating, controlling or maintaining the premises and scaffolding equipment at the time of the accident. *See VEL*, 225 So.3d at 601 ("The requirement that the plaintiff be ignorant of the identity of the fictitiously named party has been generally explained as follows: The correct test is whether the plaintiff knew, or should have known, or was on notice, that the substituted defendants were in fact the parties described fictitiously.") (citations and internal marks omitted); *Ex parte Lucas*, 212 So.3d 921, 926 (Ala. 2016) ("A plaintiff is

---

[3] There is no dispute and no question that "QPS" is an acronym for defendant Quality Plus Services, Inc.

ignorant of the identity of a fictitiously named defendant when, after *exercising due diligence* to ascertain the identity of the party intended to be sued, he lacks knowledge at the time of the filing of the complaint of facts indicating to him that the substituted party was the party intended to be sued.") (citations omitted); *Ex parte Talbott*, 215 So.3d 541, 546 (Ala. 2015) (similar).[4]

Because the third *Saxton* requirement is not satisfied here, Wyatt's Amended Complaint naming Quality Plus as a party defendant does not relate back to the date of the original Complaint. The Amended Complaint was filed outside the two-year limitations period governing the purely state-law claims against Quality Plus. Accordingly, it is apparent from the face of the Amended Complaint that Wyatt's claims against Quality Plus are time-barred, such that dismissal is appropriate under Rule 12(b)(6).

### III. Conclusion.

For all of the foregoing reasons, Defendant Quality Plus Services, Inc.'s Motion to Dismiss (doc. 50) is due to be, and the same hereby is, **granted**. All claims asserted against defendant Quality Plus are **dismissed** as untimely under the applicable statute of limitations.

---

[4] Plaintiff's proffered justification of the timing of his amendment to substitute Quality Plus for a fictitious defendant merely reinforces the conclusion that Wyatt was not ignorant of Quality Plus's identity for Rule 9(h) purposes when the original Complaint was filed. According to plaintiff's counsel, "Plaintiff became aware of Defendant QPS's specific involvement in this case upon Defendant G-P's examination of the Plaintiff during his deposition on November 9, 2017." (Doc. 60, at 8.) This assertion is difficult to fathom. In answering Georgia-Pacific's questions during his deposition, Wyatt readily testified to facts demonstrating his prior knowledge of Quality Plus's "specific involvement in this case." Nothing in plaintiff's deposition caused plaintiff to become aware of Quality Plus's true identity for the first time when the November 9 deposition was taken. To be sure, perhaps plaintiff's counsel became aware of Quality Plus's specific involvement in this case upon witnessing plaintiff's deposition testimony on November 9, 2017. But plaintiff always knew, and his knowledge is what matters for Rule 9(h) purposes. At any rate, the above-cited authorities make plain that the test is whether plaintiff knew or should have known, after exercising due diligence, of Quality Plus's true identity. That information was available to plaintiff's counsel upon reasonable inquiry of plaintiff himself. Yet plaintiff did not seek to add Quality Plus as a defendant until November 10, 2017, one day after Wyatt's deposition. In short, plaintiff's explanation that plaintiff first learned of Quality Plus's "specific involvement in this case" when plaintiff testified to same on November 9, 2017 falls well short of satisfying the ignorant-of-true-identity prong of the Rule 9(h) test for relation back under Alabama law. Plaintiff knew or reasonably should have known of Quality Plus's identity and specific involvement in the facts and circumstances that led to Wyatt's injuries from the inception of this litigation; therefore, his newly-added claims against Quality Plus cannot and do not relate back under Alabama law.

The Clerk's Office is directed to **terminate** Quality Plus as a party defendant. This action will proceed as between plaintiff and the Georgia-Pacific Defendants.

DONE and ORDERED this 13th day of March, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE